IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AAVN, INC., | § | |
| | § | |
| Plaintiff, | § | Case No. 3:17-CV-2356-D |
| | § | |
| v. | § | Hon. Sidney A. Fitzwater |
| | § | |
| AQ TEXTILES, LLC, | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

# FIRST AMENDED VERIFIED COMPLAINT

Plaintiff AAVN, Inc. ("AAVN"), for its First Amended Complaint against Defendant AQ Textiles, LLC ("AQT"), alleges:

## PARTIES

1. AAVN is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 1401 North Central Expressway, Suite 370, in Richardson, Texas 75080.

2. On information and belief, AQT is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business located at 214 Staunton Drive in Greensboro, North Carolina 27410. On information and belief, Lawrence Queen is the sole member of AQT. On information and belief, Queen is domiciled in North Carolina. AQT may be served with process through its registered agent, Lawrence E. Queen, Jr., at 214 Staunton Drive in Greensboro, North Carolina 27410, or at any other place and by any other means proper under Texas law.

## JURISDICTION AND VENUE

3. AAVN asserts claims under 15 U.S.C. § 1125(a). This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claim).

4. This Court additionally has subject matter jurisdiction over this action pursuant to 28 USC § 1332. This is a suit between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400, because AQT has transacted business in this judicial district, and because AQT has committed and/or induced acts of false advertisement in this judicial district.

6. AQT is subject to this Court's general and specific personal jurisdiction because it agreed to resolve disputes regarding the Settlement Agreement in this judicial district. Exhibit A at 6, §IV, ¶4. In addition, AQT is subject to this Court's general and specific personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute because AQT conducts substantial business in this district, including (1) committing at least a portion of the conduct alleged here, and (2) regularly doing, transacting, or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and businesses in the State of Texas and within this judicial district.

## BACKGROUND

7. AAVN develops, designs, and sells a wide variety of woven textile fabrics, including fabrics made from a cotton-polyester blend.

8. AQT imports and sells woven textile fabrics and products containing the same.

9. On September 15, 2015, AAVN filed a complaint for injunctive relief and damages against AQT alleging that AQT infringed one of AAVN's patents directed to thread counts of woven textiles ("District Court Action").

10. On November 12, 2015, AAVN filed a petition with the International Trade Commission ("ITC") seeking a general exclusion order that precludes AQT from unlawfully importing into the U.S., selling for importation, and/or selling within the U.S. after importation certain woven textile fabrics and products containing same that, *inter alia*, falsely advertise through the misrepresentation of thread counts ("ITC Investigation").

11. On March 28, 2016, the parties settled both the District Court Action and the ITC Investigation and entered into the Settlement Agreement attached as Exhibit A.

12. The Settlement Agreement prohibits AQT from importing and selling woven textile fabrics and products that falsely advertise through the misrepresentation of thread counts.

13. Section II-2 of the Settlement Agreement provides that AQT "will not sell for importation, import into the United States, or sell in the United States after importation, directly or indirectly, or aid, abet, encourage, participate in, or induce the sale for importation, importation into the United States or sale in the United States after importation of woven textile fabrics and products containing same . . . that falsely advertise through the misrepresentation of thread counts."

14. On March 20, 2017, the ITC determined that AQT violated Section 337 of the Tariff Act of 1930 in the unlawful importation and sale of certain woven textile fabrics

and products containing same that falsely advertised through the misrepresentation of thread counts and entered a General Exclusion Order ("GEO").

15. In or around June, July, and August 2017, AQT has imported and/or sold woven textiles fabrics and products in this judicial district and others that falsely advertise through the misrepresentation of thread counts, notwithstanding and in direct and flagrant violation of the GEO and the Settlement Agreement.

## COUNT I: BREACH OF CONTRACT

16. AAVN realleges and incorporates by reference the allegations of paragraphs 1–15 of this Complaint.

17. The Settlement Agreement is a valid and enforceable contract under which AQT agreed that it would not sell for importation, import into the United States, or sell in the United States after importation woven textile fabrics and products that falsely advertise through the misrepresentation of thread counts.

18. AAVN has fully performed under the Settlement Agreement.

19. AQT imported and/or sold woven textile fabrics and products containing same that falsely advertised through the misrepresentation of thread counts.

20. AQT's importation and selling of woven textile fabrics and products containing same that falsely advertised through the misrepresentation of thread counts constituted a material breach of the Settlement Agreement.

21. AAVN has suffered damages as a direct and proximate result of the foregoing breaches in an amount in excess of $75,000.

## COUNT II: PROMISSORY ESTOPPEL
**(pled in the alternative)**

22. AAVN realleges and incorporates by reference the allegations of paragraphs 1–21 of this First Amended Complaint as though fully set forth herein.

23. AQT promised and agreed that it would not sell for importation, import into the United States, or sell in the United States after importation woven textile fabrics and products that falsely advertise through the misrepresentation of thread counts.

24. As a result of its promise, AQT should have reasonably expected that AAVN would rely on AQT's promise and voluntarily dismiss the District Court Action.

25. AAVN reasonably relied on AQT's promise and believed that AQT would not sell for importation, import into the United States, or sell in the United States after importation woven textile fabrics and products that falsely advertise through the misrepresentation of thread counts.

26. AQT's promises and conduct actually caused AAVN to change its position to its detriment as alleged herein.

27. AQT breached its promise by selling for importation, importing into the United States, or selling in the United States after importation woven textile fabrics and products that falsely advertise through the misrepresentation of thread counts.

28. To allow AQT to breach its promise would result in an injustice to AAVN.

29. AQT is estopped from denying its promise and AAVN is entitled to enforce the promises made by AQT.

## COUNT III: FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

30. AAVN realleges and incorporates by reference the allegations of paragraphs 1–29 of this First Amended Complaint as though fully set forth herein.

31. AQT has made and distributed in interstate commerce and in this District advertisements that contain false and misleading statements of fact regarding its woven textile fabrics and products containing same. These advertisements contain actual misstatements and/or misleading statements that AQT's woven textile fabrics and products containing same contain a significantly higher thread count than is actually present in the products.

32. These statements actually deceive, or have a tendency to deceive, a substantial segment of AQT's customers and potential customers. This deception is material in that it concerns an inherent quality or characteristic of AQT's product and is likely to influence the purchasing decisions of AQT's customers.

33. AQT's false and misleading advertising statements and omissions injure both consumers and AAVN.

34. AQT's false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. AQT has caused, and will continue to cause, immediate and irreparable injury to AAVN, including injury to AAVN's business, reputation, and goodwill, for which there is no adequate remedy at law. AAVN is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining AQT, its agents, employees, representatives and all persons acting in concert with AQT from engaging in future acts of false advertising and ordering removal of all of AQT's false advertisements.

36. Pursuant to 15 U.S.C. § 1117, AAVN is further entitled to recover from AQT the damages sustained by AAVN as a result of AQT's acts in violation of 15 U.S.C. § 1125(a). AAVN is at present unable to ascertain the full extent of the monetary damages it has sustained due to AQT's acts.

37. Pursuant to 15 U.S.C. § 1117, AAVN is further entitled to recover from AQT the gains, profits and advantages that AQT has obtained as a result of AQT's acts in violation of 15 U.S.C. § 1125(a). AAVN is at present unable to ascertain the full extent of the gains, profits and advantages AQT has obtained due to AQT's acts.

38. Pursuant to 15 U.S.C. § 1117, AAVN is further entitled to recover the costs of this action. Moreover, AAVN is informed and believes, and on that basis alleges, that AQT's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling AAVN to recover additional damages and reasonable attorneys' fees.

## JURY DEMAND

39. AAVN demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, AAVN prays for judgment against AQT as follows:

A. An award of actual damages sustained by AAVN as a result of AQT's breach of the Settlement Agreement;

B. Temporary and permanent injunctive relief that compels AQT's compliance with the Settlement Agreement by preventing it from selling for importation, importing into the United States, or selling in the United States after importation, directly or indirectly, or aiding, abetting, encouraging, participating in, or inducing the sale for importation, importation into the United States or sale in the United States after importation of woven textile fabrics and products containing same that falsely advertise through the misrepresentation of thread counts;

C. Temporary and permanent injunctive relief that prohibits AQT, its agents, or anyone working for, in concert with or on behalf of AQT from engaging in false or misleading advertising with respect to the thread counts contained in AQT's woven textile fabrics and products containing same and/or violating Section 43(a) of the Lanham Act , which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of AQT's false advertising;

D. An order requiring AQT to correct any erroneous impression persons may have derived concerning the nature, characteristics or qualities of its woven textile fabrics and products containing same, including without limitation the placement of corrective advertising and providing written notice to the public;

E. An order adjudging that AQT has violated 15 U.S.C. § 1125(a) by unfairly competing against AAVN by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of its woven textile fabrics and products containing same;

F. An award of damages that AAVN has sustained as a consequence of AQT's conduct, including profits obtained by AQT as a consequence of its misconduct;

G. An award of treble damages, plus the costs, attorneys' fees and expenses incurred by AAVN in this suit, pursuant to 15 U.S.C. § 1117, as a result of AQT' willful, intentional, and deliberate acts in violation of the Lanham Act;

H. An award of costs of suit and reasonable and necessary attorney's fees incurred by AAVN;

I. An order requiring that all of AQT's misleading and deceptive materials be removed and destroyed pursuant to 15 U.S.C. § 1118;

J. An award of prejudgment and post-judgment interest; and

K. All other and further relief as the Court deems just and proper.

Dated: October 2, 2017    Respectfully Submitted,

CULHANE MEADOWS, PLLC

By:  /s/ Cheryl E. Diaz
Cheryl E. Diaz
State Bar No. 05804350

Culhane Meadows PLLC
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone: (469) 733-7377
Facsimile:  (214) 295-9563
Email: cdiaz@culhanemeadows.com

Ajay Mago
Jamal M. Edwards, PC (*pro hac vice* forthcoming)
Michelle Ware Skinner (*pro hac vice* forthcoming)
Culhane Meadows PLLC
30 S. Wacker Dr., 22nd Floor
Chicago, IL 60606
(844) 285-4263
amago@culhanemeadows.com
jedwards@culhanemeadows.com
mskinner@culhanemeadows.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

I, Arun Agarwal, having been duly sworn depose and state that I am the President of AAVN, Inc. and am duly authorized to sign this verification on its behalf; that I have read the foregoing Verified First Amended Complaint; and that the facts stated therein are within my personal knowledge and true and correct, and those factual matters which are stated upon information and belief are believed to be true.

_____
Arun Agarwal

Subscribed to and sworn before me this ____2nd____ th day of October, 2017.

_____
Notary Public

CYNTHIA M. HOPKINS
My Notary ID # 129145254
Expires October 1, 2020